## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CHARLES PYNE, 38138-037 | * | |
| | * | |
| Petitioner, | * | Civil Action No. DKC-16-788 |
| | * | Criminal Action No. DKC-04-0018 |
| v | * | |
| | * | |
| UNITED STATES OF AMERICA | * | |
| | * | |
| Respondent | * | |
| | *** | |

## MEMORANDUM OPINION

Pending is Charles Pynes's "Motion to Vacate the August 2007 Section 2005 Judgment for Fraud on the Court by the Court Pursuant to Fed. R. Civ. P. 60(d)(3)."  (ECF No. 239).

## BACKGROUND

This motion represents one of many attempts by Pyne to set aside the August 30, 2007 decision that denied his first motion to vacate sentence filed pursuant to 28 U.S.C. § 2255.  By way of background, on December 15, 2004, Judge Alexander Williams sentenced Pyne to 166 months imprisonment after a jury found him guilty of conspiracy to distribute and possess with intent to distribute one kilogram or more of heroin and distribution and possession with intent to distribute heroin.  Pyne appealed and the judgment was affirmed by the United States Court of Appeals for the Fourth Circuit.  *See United States v. Pyne*, 175 F.App'x 639 (4th Cir. 2006), *cert. denied*, 549 U.S. 915 (2006).

On August 18, 2006, Pyne filed his first motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, alleging *inter alia* that his trial counsel rendered ineffective assistance by failing to appeal a magistrate judge's pre-trial denial of his request for replacement counsel and by failing to object to the trial court's denial of his motion for recusal.  *See Pyne v. United States*, Civ. No. AW-06-2123, Criminal No. AW-04-0018, 2007 WL2556968 (D. Md. Aug. 30,

2007).   Judge Williams rejected these claims and denied the motion to vacate sentence on

August 30, 2007 (ECF Nos. 136 and 137).   Pyne noted an appeal.   Pyne also moved for a

certificate of appealability which Judge Williams denied. (ECF No. 140).   The Fourth Circuit

denied a certificate of appealability and dismissed the appeal. (ECF No. 150).

Pyne then began "a pattern of filing numerous and vexatious motions, largely related to

the same issues, unsuccessfully moving for reconsideration and appealing the denial of virtually

every one." (ECF No. 221, at 2).

On May 21, 2009, Pyne filed a motion seeking Judge Williams' recusal (ECF No. 151),

and a motion to vacate Judge Williams's order denying his motion to vacate, set aside, or correct

sentence (ECF No. 152).   Judge Williams denied Pyne's motion for recusal on June 18, 2009.

(ECF No. 154).   Pyne appealed.

On July 20, 2009, Pyne filed a second motion to vacate, set aside, or correct sentence.

(ECF No. 157).   It was dismissed on July 22, 2009. (ECF No. 159).   Pyne moved for a certificate

of appealability and appealed on August 27, 2009. (ECF Nos. 161 and 162).   The Fourth Circuit

affirmed Judge Williams' judgment (ECF No. 166), denied Mr. Pyne's motion for a certificate of

appealability and dismissed his appeal (ECF Nos. 167).

On August 9, 2010, Pyne filed a motion requesting that the Order denying his motion to

vacate, set aside, or correct sentence dated August 31, 2007, be set aside.  (ECF No. 170).  Judge

Williams denied this motion on September 8, 2010 (ECF No. 171).   Pyne appealed.   The Fourth

Circuit denied a certificate of appealability and dismissed the appeal on April 15, 2011.  (ECF

No. 175).

On July 11, 2011, Pyne filed another motion for vacatur of the August 31, 2007 order

denying his motion to vacate, set aside, or correct sentence.  (ECF No. 179).  On November 18,

2011, Pyne filed motions for his immediate release and recusal.  (ECF Nos. 184, 185).  Judge

Williams denied the motions on July 5, 2012. (ECF No. 187).

On October 1, 2012, Pyne filed a motion for an expedited reconsideration (ECF No. 189),

a motion for expedited relief based on 28 U.S.C. § 2255 (ECF No. 190), and a motion for

transfer of motions for fraud on the court to another district court outside the District of

Maryland (ECF No. 191), all of which Judge Williams considered and denied on October 5,

2012.  (ECF No. 193).

On February 1, 2013, Pyne filed a motion for recusal (ECF No. 195) and on February 15,

Pyne appealed Judge Williams' October 5, 2012 decision. (ECF No. 197).  The Fourth Circuit

affirmed the decision on July 15, 2013. (ECF Nos. 201).

This case was transferred to the undersigned on January 15, 2014, after Judge Williams

retired from the bench.

On September 13, 2013, Pyne filed a motion to void the August 2007 judgment pursuant

to Rule 60(d)(3) for fraud on the court (ECF No. 203) and a motion for recusal (ECF No. 205).[1]

Pyne claimed:  1) the government failed to respond to his first § 2255 motion for over nine

months, and thus had implicitly conceded his position, yet Judge Williams granted the

government's out of time request for an extension of time to respond; 2) the government's

subsequent response indicated Pyne did not object to Magistrate Judge Connelly's August 2004

ruling regarding Pyne's request for replacement counsel, even though the government knew that

Pyne did in fact file objections; 3) Judge Williams intentionally precluded issues of material fact

pertaining to the proper duties of a magistrate judge by failing to hold an evidentiary hearing;

and 4) Judge Williams mischaracterized Pyne's prior rulings as successive § 2255 motions, when

they were in fact Rule 60 motions.  (ECF No. 203).

---

[1] Pyne's motions for recusal were rendered moot by Judge Williams' retirement.

By memorandum opinion and order dated March 27, 2014, the court considered and rejected Pyne's claims under Fed.R.Civ.P. 60.  (*See* ECF No. 215).   The court explained Fed. R. Civ. P. 60 addresses two types of fraud claims.  Rule 60(b)(3) provides that the court may grant relief from a judgment because of fraud committed by the opposing party.  A motion for relief on this ground must be brought within one year of final judgment.  *See* Fed.R.Civ.P. 60(c)(1).  Rule 60(d)(3) provides that a court may "set aside a judgment for fraud on the court."  The one-year time limit does not apply to fraud under Rule 60 (d)(3).  *Outen v. Balt. Cnty.*, MD, 177 F.R.D. 346, 348 (D.Md. 1998).

Asserting fraud on the court is a "serious allegation . . . involving corruption of the judicial process itself." *Cleveland Demolition Co. v. Azcon Scraps Corp.*, 827 F.2d 984, 986 (4th Cir. 1987).  As a precise definition of "fraud on the court" is "elusive," the Fourth Circuit has advised that the term must be "construed very narrowly [.]" *Great Coastal Express, Inc. v. Int'l Bhd. of Teamsters, et al.*, 675 F.2d 1349, 1356 (4th Cir. 1982).  "Fraud on the court" is "confined to the most egregious cases, such as bribery of a judge or juror, or improper influence exerted on the court by an attorney, in which the integrity of the court...is directly impinged." *Id.*  There must be evidence of a "deliberate scheme to directly subvert the judicial process." *Id.* at 1356.  A court will set aside a judgment for "fraud on the court" only where enforcement of the judgment "would be manifestly unconscionable." *In re Genesys Data* Techs., Inc., 204 F.3d 124, 130 (4th Cir. 2000) (citing *Hazel-Atlas Glass Co. v. Hartford-Empire* Co., 322 U.S. 238, 244-45 (1944)).

Against this background, the court considered and rejected Pyne's claims.  Regarding Pyne's allegations of fraud against Judge Williams, the court determined:

> Petitioner's arguments for fraud on the court are unavailing.  His second argument – that the government knowingly lied about whether Petitioner had

objected to the magistrate judge's August 2004 ruling – is not fraud on the court, but rather, at best, a Rule 60(b)(3) fraud between parties [argument], subject to Rule 60(c)(1)'s one- year time limit. Petitioner is well outside that limitations period.

In regard to Petitioner's first ground – Judge Williams's decision to grant the government's out-of-time request for an extension of time to file [its] response –Petitioner reads far too much [into] that decision. . . . [I]t is, to put it mildly, a stretch to read Judge Williams's decision as evidence that a conspiracy was afoot to deny Petitioner his allegedly deserved Section 2255 relief.

Finally, Petitioner's third ground for relief is unpersuasive. His allegations concerning the government's representations to the court are more appropriately considered under [Rule] 60(b)(3), and as such, the claim is untimely. His remaining allegations can be characterized as accusing Judge Williams of purposefully ignoring evidence favorable to Petitioner because of the alleged conspiracy with the government prosecutor. Although Petitioner's allegations, if true, would certainly be "extraordinary," he has not established the existence of such circumstances beyond self-serving averments. Consequently, his motion will be denied.

(ECF No. 215 at 7-9).

On April 10, 2014, Pyne moved for reconsideration of the March 27, 2014, memorandum opinion and order. (ECF No. 219). Pyne argued, among other things, that "the [c]ourt overlooked the fact that [he], in his Rule 60(d)(3) motion [,] . . . argued that the trial judge also knowingly made [a] material false statement that [Defendant] did not object to the magistrate judge's August 2004 ruling . . . denying [his] request for replacement counsel." (ECF No. 219, at 3). On April 30, 2014, the court rejected this assertion and denied reconsideration, stating:

To the contrary, the court generally characterized a number of spurious allegations raised in the motion as "accusing Judge Williams of purposefully ignoring evidence favorable to Petitioner because of the alleged conspiracy with the government prosecutor," finding that Defendant "ha[d] not established the existence of such circumstances beyond self-serving averments." (ECF No. 215, at 9). A party's mere assertion that a fraud has been perpetrated does not make it so. Rather, to prevail on a Rule 60(b)(3) motion, it is incumbent upon the movant to "prove misconduct by clear and convincing evidence." *Schultz v. Butcher*, 24 F.3d 626, 630 (4th Cir. 1994). Defendant has produced no evidence of the alleged fraud here, as the court properly found.

(ECF No. 221 at 7).   Pyne also argued that it was a "clear error of law to deny [his] motion without an evidentiary hearing when there is, still, a disputed claim of material fact [ ] as to "whether [he] had objected to the magistrate judge's August 2004 ruling."" (ECF No. 219 at 4). The court rejected this argument and stated:

> Courts have generally analogized requests for a hearing on a Rule 60(b) motion to requests for hearing in the context of a § 2255 petition. *See Jackson v. United States*, No. Civ. 4:02-4170-12, 2006 WL 1432282, at *2 (D.S.C. May 24, 2006). Pursuant to 28 U.S.C. § 2255(b), "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto."  The instant record conclusively shows Defendant is not entitled to relief; thus, a hearing was not required or warranted.

(ECF No. 221 at 7-8).   Pyne sought reconsideration of the portion of the decision denying his Rule 60(d)(3) motion for fraud on the court, arguing denial of the motion would result in "manifest injustice."  (ECF No. 222).   The court denied reconsideration by memorandum and order dated July 3, 2014.  (ECF No. 223).

On July 23, 2014, Pyne moved pursuant to Fed. R. Civ. P. 54(b), for reconsideration of the March 27, 2014 memorandum and order, "so as to adjudicate Petitioner's Rule 60(d) claim-alleging that Judge Alexander Williams, Jr. had perpetrated a fraud on the court by knowingly making material false statement (that Petitioner did not object to the magistrate judge's August 2004 ruling) to conceal his jurisdictional error of failing to review Petitioner's objections-for the procurement of his August 2007 § 2255 judgment."  (ECF No. 224 at 1).   On January 1, 2014, the court denied reconsideration, stating:

> Although Petitioner now invokes Fed.R.Civ.P. 54(b) as the basis for his motion, he essentially seeks reconsideration of the March 27, 2014 memorandum opinion and order, which he has already moved to reconsider and which has been denied. (*See* ECF No. 221).  Rule 54(b) - governing motions for reconsideration of an interlocutory order - is wholly inapplicable here, as it only applies to "any order

or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties."[3]   The motion for reconsideration is not a device that litigants may use to reargue issues that have already been argued.  There must be an end to decision-making.  Plaintiff has not established any grounds to warrant reconsideration.

****************

[3] Mr. Pyne also asserts in the instant motion that his "conviction and sentence was afflicted with jurisdictional defect because Judge Williams failed to review Petitioner's objections to the magistrate judge's August 2004 ruling, hence, a jurisdictional error that deprives Judge Williams of subject matter jurisdiction to deny Petitioner's § 2255 relief."  (ECF No. 224, at 4).  This argument is baseless.

(ECF No. 228 at 5-6).

Just prior to filing an appeal of this determination, Pyne filed a motion to recuse the undersigned and for his immediate and unconditional release from incarceration.  (ECF No. 229).  The court denied the motion on December 30, 2014.  (ECF No. 231).  On January 9, 2014, Pyne appealed the order denying his July 23, 2014 motion for reconsideration of the court's August 30, 2007 order denying relief on his 28 U.S.C. § 2255 motion and March 27, 2014 order denying his Fed. R. Civ. P. 60(d)(3) motion.  (ECF No. 232).  On December 11, 2015, the United States Court of Appeals for the Fourth Circuit denied a certificate of appealability and dismissed the appeal.  (ECF No. 235).

## DISCUSSION

Pyne filed the instant motion on March 17, 2016.  The motion repeats Pyne's previously considered and rejected claim that Judge Williams perpetuated fraud on the court in order to conceal jurisdictional error.  (ECF No. 239).  Specifically, Pyne claims Judge Williams failed to review findings and recommendations of the magistrate judge who held a hearing on Pyne's request for replacement counsel.  *Id.* at 6.  Pyne alleges that the transcript of that hearing, held on September 1, 2004, was not provided to him with the government's response to his § 2255

motion, in violation of Rule 5(c) of the Rules Governing Section 2255 Proceedings.[2]  (ECF No. 239 at 8).  Pyne alleges this purported omission demonstrates that the court, in an attempt to conceal jurisdictional error, suppressed material, and exculpatory evidence through intention violation of Rule 5(c).  *Id*. at 11.  Pyne also claims that "the court fraudulently prevented petitioner from fully presenting his case" by knowingly making material false statements that petitioner objected to the magistrate's order.  (ECF No. 239 at 14).

This court has previously described Pyne's jurisdictional argument as baseless.  *See infra* at 7 (quoting ECF No. 228 n. 3).  None of the grounds presented in the instant motion support a finding of fraud under Rule 60(d)(3).  By equating the government's purported failure to attach a transcript to a §2255 response with purposeful efforts by a member of this bench to conspire and commit fraud upon the court requires a leap of logic so untenable that this argument borders on the frivolous and ridiculous.  Pyne's contention that the court knowingly made material false statements to prevent him from presenting his case is repetitive and conclusory.  There is simply no merit to his claim.

Pyne may not continue to abuse the judicial process by filing repetitive and specious claims.  Pyne's arguments merely reiterate his disagreement with previous rulings of this court and the United States Court of Appeals for the Fourth Circuit.  Not only have two judges of this court rejected his claims, but the Fourth Circuit has upheld these decisions on appeal.  Pyne is entitled to his disagreement, but his patent attempts to rehash previously considered and rejected

---

[2]  Rule 5(c) of the Rules Governing Section 2255 Proceedings for the United States District Courts provides:

> If the answer refers to briefs or transcripts of the prior proceedings that are not available in the court's records, the judge must order the government to furnish them within a reasonable time that will not unduly delay the proceedings.

arguments provides no grounds to demonstrate fraud on the court.  The decision denying his first §2255 motion will not be set aside.

To the extent Pyne also intends to raise claims in a second or successive motion to vacate under 28 U.S.C. § 2255, he provides no evidence that he received requisite pre-filing authorization from the court of appeals.  *See* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application ... is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."); *United States v. Winestock*, 340 F.3d 200, 205 (4th Cir. 2003) (explaining that "a prisoner seeking to file a successive application in the district court must first obtain authorization from the appropriate court of appeals"); *In re Vial*, 115 F.3d 1192, 1194 (4th Cir.1997) (*en banc*).  The district court lacks jurisdiction to consider a second or successive § 2255 motion without this pre-filing authorization.  Consequently, Pyne's claims for relief under 28 U.S.C. § 2255 must be dismissed without prejudice for lack of jurisdiction.

## CONCLUSION

For the foregoing reasons, the motion to set aside judgment for fraud on the court will be DENIED WITH PREJUDICE in part and DENIED WITHOUT PREJUDICE in part.  The claims raised pursuant to Fed. R. Civ. P. 60(d)(3) ARE DENIED WITH PREJUDICE.  To the extent Petitioner is raising claims pursuant to 28 U.S.C. § 2255, those claims will be DENIED WITHOUT PREJUDICE for lack of jurisdiction and a certificate of appealability shall not issue.  A separate order shall follow.

Date:   April 7, 2016                                        /s/
                                                  DEBORAH K. CHASANOW
                                                  United States District Judge

9